NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOE M. ASSYD,<br><br>         Plaintiff-Appellant,<br><br>  v.<br><br>ARIZONA DEPARTMENT OF CORRECTIONS; et al.,<br><br>         Defendants-Appellees. | No. 18-15610<br><br>D.C. No. 4:17-cv-00507-JAS-PSOT<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Joe M. Assyd, an Arizona state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*,

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

213 F.3d 443, 447 (9th Cir. 2000). We affirm in part, vacate in part, and remand.

The district court properly dismissed Assyd's claims against defendants Trinity, Inc. and Corizon Health, Inc. because Assyd failed to allege facts sufficient to show that defendants' policies or customs caused the alleged violations. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139-40 (9th Cir. 2012) (setting forth elements of a § 1983 claim against a private entity performing a government function); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (setting forth elements of a medical deliberate indifference claim).

The district court properly dismissed Assyd's claims against defendant Ryan because Assyd failed to allege facts sufficient to show that Ryan was personally involved in the alleged constitutional deprivations or that a sufficient causal connection exists between Ryan's conduct and the alleged constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (discussing the requirements for supervisory liability under § 1983).

The district court properly dismissed Assyd's claim against defendants Judge McNamee and Judge Snow because the claim arises out of defendants' judicial acts. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) ("Judges . . . are absolutely immune from damages for acts performed within their judicial

capacities." (emphasis omitted)).

The district court properly dismissed the claims against defendants Renolds and Robles arising from the confiscation of Assyd's personal property because Assyd had an adequate post-deprivation remedy under Arizona law. *See Hudson v. Palmer*, 468 U.S. 517, 533, 535 (1984) (holding that deprivation of property does not violate due process if a meaningful post-deprivation remedy is available and explaining that state tort actions are meaningful post-deprivation remedies); *see also* Ariz. Rev. Stat. § 12-821.01.

Assyd alleged that defendant Mattos refused to accept his grievance. The district court erred by construing this allegation as a due process claim rather than a First Amendment claim. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) ("Prisoners have a constitutional right to petition the government for redress of their grievances. . . . This right extends to administrative arms and units of the government." (citations omitted)). Assyd also alleged a retaliation claim, but he was not provided with notice of the deficiencies of this claim prior to dismissal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can

cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citation omitted)). We vacate the judgment in part and remand for the district court to grant Assyd leave to amend as to these claims only.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part, VACATED in part, and REMANDED.**

18-15610